**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KRISNA CLARK                                                                    PLAINTIFF

v.                                     5:17CV00219-BSM-JTK

TODD WRIGHT, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such

1

A hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Krisna Clark filed this pro se action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement at the Arkansas County Detention Center (Jail) (Doc. No. 2).

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 26-28).   Plaintiff did not respond, and by Order dated April 24, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without

prejudice, for failure to prosecute. (Doc. No. 32).    The copy of the Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable on May 1, 2018. As of this date, Plaintiff has not responded, or otherwise corresponded with the Court.

## II.    Complaint

Plaintiff was incarcerated at the Jail on July 26, 2017 for a parole violation (Doc. No. 2, p. 3). He noticed the Jail was unclean and the presence of black mold on the walls and floors of the shower. (Id., p. 4)    A few days after he arrived at the Jail, he began to feel sick and have chest pains. (Id.) When he showed Defendants West and Fluker the mold, they cursed at him. (Id., p. 6) Defendants Gorman and Wright also were aware of the mold. (Id., p. 7)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.    See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing

that there is a genuine issue for trial.'" <u>Id</u>. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Defendants ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   <u>McClendon v. Story County Sheriff's Office</u>, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]   Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 27) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care."    Farmer v. Brennan, 511 U.S. 825, 832 (1994).    In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.   Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).   The "defendant's

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

conduct must objectively rise to the level of a constitutional violation,...,by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

In this case, according to grievances attached to Plaintiff's complaint, inmates at the Jail were provided cleaning supplies daily, and the showers were cleaned by trustees on a weekly basis. (Doc. No 2, p. 13)   In addition, other than claiming that he suffered headaches and trouble breathing, Plaintiff provided no evidence that he sought medical help or suffered a specific injury caused by the conditions.   Plaintiff provided no evidence that the shower conditions denied him "the minimal civilized measure of life's necessities," or that the Defendants disregarded an excessive risk to his health or safety. Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995).   Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or

shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

Similarly, the Court finds that Plaintiff provides no proof of Defendants' liability in their official capacities. A suit against a county official in his official capacity is the equivalent of a suit against the county itself.   Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).   In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).   In this case, Plaintiff has not provided proof of an unconstitutional county policy or prevalent practice which resulted in a violation of his rights.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 26) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 11th day of May, 2018.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE